**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DOUGLAS COLEMAN,** **Civil No. 01-891 (ADM/SRN)**

**Plaintiff,**

**v.** **ORDER**

**ST. LOUIS COUNTY JAIL et al.,**
**DAVID PRACHAR - Administrator,**
**RON HANSON - Counselor,**

**Defendants.**

---

Plaintiff commenced this action in the U.S. District Court for the Eastern District of Missouri, by filing a complaint seeking relief under 42 U.S.C. § 1983. At that time, he was incarcerated in the St. Louis County jail in Duluth, Minnesota, but it appears that he has since been transferred to a hospital in Brainerd, Minnesota. Because Plaintiff is located in Minnesota, and his claims appear to be based on events that occurred in Minnesota, the Missouri Court ordered that the matter be transferred to his District. (See "Order and Memorandum" dated May 4, 2001; [Docket No. 4].)

The matter is currently before this Court for review of Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket Nos. 1 and 7.) Also before the Court at this time is Plaintiff's "Motion To Amend The Complaint." (Docket No. 8.)

A. The IFP Application

Because Plaintiff was a prisoner when he commenced this action, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act,

FILED JUN 06 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996.[1]

Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
> >
> > (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in

[1] Plaintiff's submissions do not clearly indicate whether he is still a "prisoner" for purposes of 28 U.S.C. § 1915, (see § 1915(h)), or whether his status changed upon his transfer to the "Brainerd Hospital." It is clear, however, that Plaintiff was a prisoner when he commenced this action, which means that his IFP application is subject to the PLRA. See Gay v. Texas Dept. of Corrections State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997) (prisoner-appellant is subject to PLRA filing fee rules if he is incarcerated when he files his appeal, even if he is subsequently released from custody).

installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a certified statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit during the preceding six months was $44.00 and his average monthly balance during the same period was $10.00.[2] Because the average monthly deposit amount is greater than the average monthly balance amount, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $8.80, ($44.00 x 20% = $8.80). Thus, pursuant to § 1915(b)(1), Plaintiff must pay $8.80 as an initial partial filing fee before this action will be allowed to proceed.

Plaintiff will be required to pay his initial partial filing fee by no later than June 29, 2001, and if he fails to do so, it will be recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). If Plaintiff pays the initial partial filing fee on time, the remaining balance of the $150.00 filing fee will have to be paid in later installments pursuant to § 1915(b)(2).

B. The Motion to Amend

Plaintiff's motion seeking leave to amend his complaint must be denied, because it does not comply with Local Rule 15.1, which requires that "[a]ny amendment to a

---

[2] This information appears in Plaintiff's original IFP application, (Docket No. 1), which the Court finds to be controlling for PLRA/IFP purposes. Plaintiff's subsequent IFP application, (Docket No. 7), provides no meaningful information about his financial circumstances at the time when he commenced this action.

pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." (Emphasis added.) The "statement of claim," (Docket No. 9), that Plaintiff submitted with his motion to amend is only a partial pleading. Because Plaintiff has not "reproduce[d] the entire pleading as amended," his motion to amend will be denied.

The Court notes, however, that Plaintiff is still entitled to file one amended complaint in this action, as a matter of course, pursuant to Fed. R. Civ. P. 15(a). If Plaintiff still wishes to file an amended complaint, he may simply do so, without seeking any further leave of court.

If Plaintiff chooses to file an amended complaint, however, he must comply with the Local Rules. This means that he must file an entirely new pleading. He cannot simply add to, or expand upon, the allegations set forth in his original complaint, as that pleading will essentially be nullified upon the filing of an amended complaint. Any amended complaint Plaintiff may file will completely replace the original complaint.

If Plaintiff chooses to file an amended complaint, he must also comply with Local Rule 9.3, which requires prisoners to submit their civil rights claims on the complaint form prescribed for use in this District. Copies of the prescribed form are available from the Clerk's office. The form includes instructions that should be carefully followed. In addition, Plaintiff will have to follow the general pleading rules set forth at Fed. R. Civ. P. 8-11. This means, inter alia, that he must state his claims clearly and concisely in separately-numbered paragraphs. See Fed. R. Civ. P. 8(e)(1) and 10(b). Any amended pleading that Plaintiff may submit must be clearly labeled "Amended Complaint," and again, Plaintiff

must recognize that any such amended pleading will wholly supercede, and effectively nullify, his original complaint.

If Plaintiff has not filed an amended complaint by June 29, 2001, the Court will assume that he does not intend to file one, and the action will proceed accordingly. If he has by then paid his initial partial filing fee, (as discussed above), his pleading, (either his original complaint, or the amended complaint if he has filed one), will be "screened" pursuant to 28 U.S.C. § 1915A to determine whether he has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. On or before June 29, 2001, Plaintiff shall pay an initial partial filing fee of not less than $8.80, failing which it will be recommended that the action be dismissed without prejudice;

2. Plaintiff's "Motion To Amend The Complaint," (Docket No. 8), is denied, but Plaintiff may still amend his complaint once, without seeking leave of Court, pursuant to Fed. R. Civ. P. 15(a);

3. If Plaintiff chooses to file an amended complaint, he must do so by no later than June 29, 2001, and he must ensure that any amended complaint satisfies the requirements of applicable Federal and Local Rules -- specifically including Local Rules 9.3 and 15.1

Dated: June 5, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge