**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**DOUGLAS COLEMAN,**

**Plaintiff,**

**v.**

**ST. LOUIS COUNTY JAIL ET AL., DAVID PRACHAR, Administrator, and RON HANSON, Counselor,**

**Defendants.**

**Civil File No. 01-891 (ADM/SRN)**

**ORDER**

---

Plaintiff has filed a complaint seeking relief for alleged violations of his federal constitutional rights during his incarceration at the St. Louis County Jail in Duluth, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendants "St. Louis County Jail et al." and David Prachar, and that Plaintiff be allowed to prosecute his claims against the sole remaining Defendant, Ron Hanson. The matter is now before the Court for consideration of Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), in this matter.[1]

The Court finds that Plaintiff is financially eligible for IFP status, and that his IFP application should be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid

---

[1] By order dated June 5, 2001, (Docket No. 10), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has recently paid his initial partial filing fee, so it is now appropriate to consider whether he should be allowed to prosecute his claims as an IFP litigant.

FILED JUL 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

balance of the filing fee, (in this case, $141.20), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the remaining Defendant, Ron Hanson, served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). The Clerk of Court will be directed to issue a summons, and make a copy of Plaintiff's complaint, to be used for service of process on Defendant Hanson.

The Court will defer any ruling on the legal sufficiency of Plaintiff's claims against Defendant Hanson. (See 28 U.S.C. § 1915A.) If service of process is effected upon Defendant Hanson, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendant will be apprised of his obligation to file a response to the complaint.

Finally, Plaintiff has filed a motion for appointment of counsel that must be addressed. (Docket No. 13.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual

complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions. Although Plaintiff represents that his present confinement status is highly restrictive, his submissions in this matter demonstrate that he is able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's request for counsel will therefore be denied.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket Nos. 1 and 7), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $141.20 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons and make a copy of the complaint to be used for service of process, and the U.S. Marshal shall effect service of process on the one remaining Defendant in this action, Ron Hanson;

4. A copy of this Order shall be served together with the summons and Plaintiff's

complaint;

5. If service of process is effected on Defendant Ron Hanson, he will be required to file a response to Plaintiff's complaint; and

6. Plaintiff's motion for appointment of counsel, (Docket No. 13), is DENIED.

Dated: July 16, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge