**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

**DOUGLAS COLEMAN,**

**Plaintiff,**

**v.**

**ST. LOUIS COUNTY JAIL ET AL., DAVID PRACHAR, Administrator, and RON HANSON, Counselor,**

**Defendants.**

---

**Civil File No. 01-891 (ADM/SRN)**

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the St. Louis County Jail in Duluth, Minnesota, has filed a complaint alleging that Defendants have violated his federal constitutional rights. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendants "St. Louis County Jail et al." and David Prachar. It will therefore be recommended that the action be dismissed as to those Defendants.

## I. BACKGROUND

Plaintiff alleges that he was taken into custody in October 2000, and he has been held in the St. Louis County Jail for most of the time since then.[1] He further alleges that

---

[1] The record indicates that Plaintiff was transferred to a mental health facility in Brainerd, Minnesota, and he was held there during the months of April, May and June of 2001. By letter dated June 27, 2001, (Docket No. 12), Plaintiff has informed the Court that he has now been returned to the St. Louis County Jail.

FILED JUL 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant Ron Hanson has caused him to be held in a "segregation unit" since October 28, 2000.[2] While being held in the segregation unit, Plaintiff allegedly has been deprived of many amenities, including access to church, recreational facilities, educational programs, and library facilities. Plaintiff further alleges that Defendant Hanson has not allowed him to shave or get a haircut.

Plaintiff is now seeking relief under 42 U.S.C. § 1983, claiming that his federal constitutional rights have been violated during the course of his confinement at the St. Louis County Jail. In his prayer for relief, he asks for (a) access to a law library, (b) an order that will cause Defendant Hanson to be "transferred," (c) an order compelling St. Louis County to hire more minorities, and (d) compensatory and punitive damages.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to

[2] This allegation appears in Plaintiff's original complaint dated March 23, 2001, which predates his transfer to Brainerd. (See footnote 1, supra.) On July 2, 2001, Plaintiff filed a "Motion For Appointment Of Counsel," (Docket No. 13), in which he alleges that he is now back again in the segregation unit at the St. Louis County Jail.

Defendants "St. Louis County Jail et al." and David Prachar, because Plaintiff has failed to state an actionable claim against them.

Plaintiff cannot sue the Defendant identified as "St. Louis County Jail et al." because a jail is not a suable entity. The jail is merely a building or the name of a detention facility; it is not an individual, corporation, organization, political subdivision, or any other form of legal entity that can be sued as such. Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit," and citing four other federal court decisions that have ruled the same). Adding the phrase "et al." after "St. Louis County Jail" does not create a suable entity; it merely suggests that Plaintiff may have intended to sue someone other than the jail itself. However, Plaintiff has not indicated who else (if anyone) he may have wanted to sue. Nothing in either the caption or the body of the complaint provides any clue about who else besides the jail itself, (and, of course, Defendants Hanson and Prachar), Plaintiff may be trying to sue here.[3] It will therefore be recommended that the action be dismissed as to "St. Louis County Jail et al."

The action must also be dismissed as to Defendant David Prachar, because Plaintiff has not pleaded any facts showing how Prachar allegedly violated his constitutional rights. While federal courts must "view pro se pleadings liberally, such pleadings may not be

---

[3] In Ferdik v. Bonzelet, 963 F.3d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992), the Court noted:

> "[T]he phrase 'et al.' is short for 'et alia,' which means 'and others.' [Citations omitted.] [Plaintiff's] inclusion of this phrase in the caption of his second amended complaint announced that he was suing persons in addition to Bonzelet. But whom? Without additional information to assist in interpreting to whom it refers, 'et al.' is, by definition, ambiguous."

merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). To state an actionable § 1983 claim, the complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual allegations showing what each individual defendant allegedly did, or failed to do, that is supposed to have violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendant Prachar, because there are no factual allegations describing anything that Prachar did or failed to do that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, Prachar is not even mentioned at all in Plaintiff's "statement of claim."

Plaintiff may be seeking to hold Defendant Prachar vicariously liable, based on acts or omissions by his subordinates at the St. Louis County Jail. Such a claim, however, would not actionable, because government officials cannot be held liable under the doctrine of respondeat superior in § 1983 cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against Prachar, the complaint would have to include factual allegations showing how he violated Plaintiff's

constitutional rights. Because no such allegations appear in the present complaint, Plaintiff has failed to plead a cause of action against Defendant Prachar.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state any actionable § 1983 claim against Defendants "St. Louis County Jail et al." and David Prachar. It will therefore be recommended that the action be dismissed as to those two Defendants pursuant to § 1915(b)(1). The Court will defer any ruling on the adequacy of Plaintiff's claims against the one remaining Defendant in this action -- Ron Hanson. Plaintiff will be allowed to pursue his claims against Defendant Hanson for now.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants St. Louis County Jail et al. and David Prachar be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Defendant Ron Hanson be allowed to proceed at this time, without prejudice to any defenses that Defendant Hanson may later seek to raise.

Dated: July 16, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.